UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COURY, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIBER HOME LOANS, INC., a business entity, and DOES 1 through 100 inclusive,<br><br>    Defendants. | Case No. 16-cv-05583-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

# I. INTRODUCTION

Plaintiff David Coury filed suit against Defendant Caliber Home Loans ("Caliber") over its servicing of his mortgage loan. He alleges Caliber violated California's Homeowner Bill of Rights ("HBOR"), federal mortgage servicing regulations, the Equal Credit Opportunity Act ("ECOA"), and also acted negligently. Caliber moves to dismiss on the basis that Coury fails to state a claim upon which relief can be granted. His HBOR claims are moot because he sold the property in question earlier this year. His claims under ECOA and the federal mortgage servicing regulations fail because he does not satisfy the statutory requirements. His negligence claim fails because Caliber owes him no duty of care. For these reasons, Caliber's motion is granted. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the December 8, 2016 hearing will be vacated.

# II. BACKGROUND

Coury borrowed $720,000 to purchase real property in Corte Madera, California in July 2007. By March 2015, Coury had fallen behind on his mortgage and Chase contacted him about the past-due amount and discussed options to avoid foreclosure. On May 8, 2015, Chase issued a notice of default and began foreclosure proceedings. Despite the notice's warnings to contact his

lender within 90 days, by August 2015, Coury had not yet paid the past-due amount and was still preparing to request that Chase modify his loan. Coury avers that, on August 1, 2015, the property became his primary residence. On August 17, 2015, Chase transferred the mortgage's servicing to Caliber. Coury claims he immediately contacted Caliber to discuss modifying his loan, but Caliber would not discuss the modification because Coury did not yet have an account with Caliber. On August 18, 2015, a notice of trustee's sale was recorded against the property. The sale was scheduled for October 5, 2015.

On October 1, 2015, after Caliber allegedly failed to send Coury a loan modification application, Coury filed the instant suit in Marin Superior Court. By January 27, 2016, Coury had received and completed a loan modification application. After allegedly receiving no response from Caliber to his attempts to modify his loan, Coury sold the property to a third party for an undisclosed amount at some point after June 2016. Despite the sale, Coury filed an amended complaint in state court on September 12, 2016. Caliber removed the case to federal court under 28 U.S.C. § 1331 and now seeks dismissal of the complaint.[1]

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Caliber accompanies its motion to dismiss with a request for judicial notice of the following documents relating to the property: (1) a Deed of Trust recorded on July 13, 2007; (2) a Notice of Default and Election to Sell Under Deed of Trust recorded on May 7, 2015; and (3) a Notice of Trustee's Sale recorded on August 17, 2015. Coury does not oppose Caliber's request and judicial notice of these documents is proper. *See Disabled Rights Action Comm. v. Las Vegas Events*, Inc., 375 F.3d 861, 866 n. 1 (9th Cir.2004) (granting judicial notice over "undisputed matters of public record"); *see also* Fed. R. Evid. 201(d) (providing that, upon request, a court shall take notice of adjudicative facts if such facts "are not subject to reasonable dispute"). Caliber's request is thus granted.

misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*. The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." Id. at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

## IV. DISCUSSION

### A.   California Homeowner's Bill of Rights

Claims 1 through 5 all arise under California's Homeowner Bill of Rights ("HBOR")—a set of provisions enacted to forestall the worst effects of the homeowner foreclosure crisis. S.B. 900, Ch. 87(1)(a), 2011-2012 Reg. Sess. (Cal. 2012) ("SB 900"). HBOR aimed to avoid "unnecessarily adding foreclosed properties to the market." *Id.* at (1)(b). To that end, HBOR obligates lenders to provide certain information to borrowers, to issue written determinations regarding the borrower's eligibility for a loan application, and to provide a single point of contact for borrowers seeking loan modification. Cal. Civ. Code §§ 2923.5-7. It also provides borrowers with injunctive relief against foreclosure. *Id.* § 2924.12.

As an initial matter, Coury fails to state any claims for which HBOR provides relief. Section 2924.12 creates remedies for violations of HBOR. That section permits a borrower to

"bring an action for injunctive relief to enjoin a material violation," and requires that any trustee's sale "be enjoined until the court determines that the mortgage servicer. . . has corrected and remedied the violation." Cal. Civ. Code § 2924.12(a)(1), (2).  Only after the trustee's deed upon sale has been recorded can a borrower seek damages.  *Id.* § 2924.12(b).  Here, there has never been a trustee's sale, nor will there ever be one.  Coury "hastily sold the property" earlier this year. FAC ¶ 41.  At this point, Coury can only obtain injunctive relief against continuing violations. Yet, there are no continuing violations because Coury no longer holds a mortgage as defined by Civil Code § 2920(b).  Thus, HBOR offers Coury no relief.  The Supreme Court has explained that when "it becomes impossible for the court to grant any effectual relief whatever to the prevailing party," a claim is moot.  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).  If a claim is moot, the court lacks jurisdiction over it.  *Id*.  Here, Coury's HBOR claims are moot.  *See Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) (holding claim was moot because the court could not enjoin what had already occurred).  Thus, even assuming that Coury adequately alleged violations of HBOR, his claims still fail because there are no violations for an injunction to remedy.[2]  On this basis alone, all five of Coury's HBOR claims fail.  They also fail for the following reasons.

### 1. Civil Code § 2923.6

Coury first alleges that Caliber violated California Civil Code § 2923.6(c) by pursuing a trustee's sale while the parties were negotiating a modification of his loan.  Section 2923.6(c) provides that "[i]f a borrower submits a complete application for a first lien loan modification, offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending."  Caliber

---

[2] Coury argues that filing this lawsuit effectively enjoined the trustee's sale and his claims should not be dismissed as moot.  He analogizes to *Tuan Anh Le v. Bank of N.Y. Mellon*, No. 14-CV-01949-KAW, 2015 WL 9319487, at *11 (N.D. Cal. Dec. 23, 2015), where the Notice of Sale expired after the borrower filed suit and the court preserved the claims for the purpose of awarding attorney's fees.  Here, however, Coury's claims have become moot not as a result of this suit, but because he sold the property on his own.

counters that it did not pursue the foreclosure after receiving Coury's requests for a loan modification and also that Coury's application was never complete.[3]

Section 2923.6(c) only forbids the recording of a notice of default or notice of sale, or the conducting a trustee's sale, while a borrower's "complete application for a first lien loan modification" is pending. Here, the notice of default was recorded on May 7, 2015, the notice of sale was recorded on August 18, 2015, and a trustee's sale was scheduled for October 5, 2015. The earliest date that Coury alleges his application was complete is September 30, 2015. FAC ¶ 29. Thus, the notice of default and the notice of sale were recorded before Coury submitted his complete application. Coury does not allege that Caliber did what section 2923.6(c) prohibits: filing a notice of default or notice of sale, after he applied to modify his loan. For these reasons, and because the HBOR remedies are inapplicable here, Coury's first claim is dismissed without leave to amend.

### 2. Civil Code § 2924.10

Coury next alleges that Caliber violated HBOR by failing to acknowledge his application materials in writing. FAC ¶ 35. HBOR requires that, upon submission by the borrower of a "complete" loan modification or related document, the servicer provide written acknowledgment within five days of receipt. Cal. Civ. Code § 2924.10(a).

Like the other sections of HBOR, § 2924.10 relies on § 2924.12 for its remedies. Section 2924.12 provides remedies only for "material" violations. Caliber argues that, even if it did fail to

---

[3] Caliber also points out that Civil Code § 2923.6(g) provides that a "mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013. . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." Caliber contends it was not required to evaluate Coury's application because his loan was previously modified. In support, Caliber submits a 2010 agreement modifying Coury's mortgage. Kruger Decl. Ex. A. Coury's pleadings do not acknowledge the 2010 modification, nor do they expressly allege a material change in his financial circumstances since 2010. While plaintiffs are arguably prevented "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based," *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), the issue need not be reached here because the claim fails for other reasons.

acknowledge Coury's application, its failure was not "material." Coury counters that the violation was material because "results like this are exactly the results that the legislature sought to avoid by enacting the statute." FAC ¶ 56. He further claims that the "proximity of the scheduled sale date" made the violation of § 2924.10 material. *Id.* ¶ 57.

Courts have differed on what acts materially violate HBOR and whether materiality should even be addressed at the pleading stage.[4] Yet, where, as here, claims are moot and HBOR provides no remedy, courts have generally found that alleged violations are not material. *See Foote v. Wells Fargo Bank, N.A.*, No. 15-CV-04465-EMC, 2016 WL 2851627, at *5 (N.D. Cal. May 16, 2016); *Asturias v. Nationstar Mortg. LLC*, No. 15-CV-03861-RS, 2016 WL 1610963, at *5 (N.D. Cal. Apr. 22, 2016) (dismissing a claim where plaintiffs failed to demonstrate how mortgage servicer's failures made any difference).

Further, contrary to Coury's claim, the results here are not "the results that the legislature sought to avoid by enacting the statute." FAC ¶ 56. HBOR aims to ensure that "borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer." Cal. Civ. Code § 2923.4(a). Coury does not allege that Caliber refused to consider modifying his loan. Caliber's representatives continued to discuss his application with him and accepted paperwork for that application until Coury sold the property. FAC ¶ 41. Additionally, the "proximity of the scheduled sale date" does not suggest that the alleged violation was material. Coury admits he failed to contact his previous servicer about a loan modification for more than three months after receiving a Notice of Default. At bottom, Caliber's alleged failure to acknowledge his application materials in writing did not deprive Coury of the opportunity to obtain a loan modification and, as discussed above, there remains nothing for the provisions of HBOR to remedy. Accordingly, Coury's second claim is dismissed without leave to amend.

---

[4] *See Cornejo v. Ocwen Loan Servicing, LLC* 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015) (dismissing a claim where plaintiff failed to explain how a violation of § 2924.10 would have changed the course of the proceedings); *but see Hixson v. Wells Fargo Bank NA*, No. C 14-285 SI, 2014 WL 3870004, at *5 (N.D. Cal. Aug. 6, 2014) (holding that materiality is not a question to be resolved on a motion to dismiss).

### 3. Civil Code § 2923.7

Coury's next three claims assert violations of Civil Code § 2923.7(b). That section requires servicers to establish a "single point of contact" responsible for communicating with borrowers. Coury's third claim alleges that Caliber failed to establish a single point of contact responsible for notifying him of deadlines to apply for a loan modification in violation of subsection (b)(1). Coury's fourth claim alleges that Caliber failed to establish a single point of contact responsible for notifying him of any missing documents necessary to complete his application in violation of subsection (b)(2). Coury's fifth claim alleges that Caliber failed to establish a single point of contact responsible for fulfilling all of the responsibilities described in subsection (b). Failing to fulfill any one of the responsibilities enumerated in § 2923.7(b)(1)-(5) violates subsection (b) generally. Consequently, Coury's third and fourth claims are duplicative of his fifth claim. Caliber's motion to dismiss the third and fourth claims is granted without leave to amend.

Coury's claim that Caliber's representatives failed to provide information or provided conflicting information about the loan modification process in violation of § 2923.7(b) encounters the same problem as his claim for violations of § 2924.10: Coury fails to show how the alleged violations are "material," and HBOR provides no remedy. Thus, Coury's fifth claim is also dismissed without leave to amend.

### B       Mortgage Servicing Regulations

Coury next alleges that Caliber violated 12 C.F.R. § 1024.41(c) when it failed to evaluate his application to modify his loan within 30 days of receiving the completed application. Caliber counters that it had no obligation to evaluate Coury for a loan modification because he never submitted a complete application. Section 1024.41(c)(2)(iv) provides: "If a borrower submits all the missing documents and information as stated in the notice required pursuant to Section 1024.41(b)(2)(i)(B) or no additional information is requested in such notice, the application shall be considered facially complete." A "facially complete" application triggers the servicer's evaluation obligations, and Coury has pleaded sufficient facts to create the inference that his application was "complete" under the regulations in late September 2015. FAC ¶ 29.

Nevertheless, under § 1024.41(c), a servicer must receive the completed application "more than 37 days before a foreclosure sale" to trigger the obligation to evaluate a loan modification request. Coury did not even attempt to submit the loan modification documents to Caliber until September 21, 2015, only 14 days before the foreclosure sale scheduled for October 5, 2015. FAC ¶ 25. Thus, Coury has failed to plead facts that show Caliber was obligated to evaluate his application for a loan modification within 30 days, pursuant to 12 C.F.R. § 1024.41(c).

Coury seems to suggest that his subsequent submissions of complete applications also required Caliber to respond under § 1024.41(c). FAC ¶¶ 81-82. The regulation, however, does not obligate servicers to respond to multiple applications from a single borrower. Subsection (i) states, "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." Coury fails to plead that he ever submitted an application within the timeline that § 1024.41 prescribes. Consequently, Coury's sixth claim is dismissed with leave to amend.

### C.  Equal Credit Opportunity Act

Coury also alleges that Caliber violated the Equal Credit Opportunity Act ("ECOA"). ECOA makes it illegal "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). One way that ECOA effectuates this goal is through its notice requirements. Section 1691(d)(1) provides: "Within thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." Additionally, § 1691(d)(2) provides: "Each applicant against whom *adverse action* is taken shall be entitled to a statement of reasons for such action from the creditor." (Emphasis added.)

Coury alleges Caliber violated subsection (d)(1). Caliber counters that it had no obligation to contact Coury about a loan modification because his application was never complete. The regulations enacting ECOA define a "complete application" as an application that contains "all the information that the creditor regularly obtains and considers in evaluating applications for the

amount and type of credit requested (including, but not limited to, credit reports, any additional information requested from the applicant)." 12 C.F.R. § 202.2(f). Coury avers that he believed his application was complete in late September 2015, based on his conversations with Caliber representatives. FAC ¶ 29. Thus, Coury has pleaded sufficient facts to create the inference that his application was "complete" under ECOA.

Nevertheless, Coury fails to state a claim for violation of ECOA. Subsection (d)(6) of 15 U.S.C. § 1691 identifies the types of actions that trigger ECOA's notification requirements. It explains that "adverse action" means "a denial or revocation of credit, a change in the terms of an existing credit arrangement. . . Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default." Coury, like other ECOA plaintiffs, argues that (d)(6)'s carve out for applicants in default applies only to the statement of reasons required by subsection (d)(2). FAC ¶ 87; *see also MacDonald v. Wells Fargo Bank N.A,* No. 14-CV-04970-HSG, 2015 WL 1886000, at *3 (N.D. Cal. Apr. 24, 2015). Such a narrow reading of subsection (d)(6), however, contradicts the regulations implementing ECOA's notice requirements.

The applicable regulations clarify that notification is "required" only for approval, counteroffer, or "adverse action." 12 C.F.R. § 202.9(a)(1)(i). The regulations define "adverse action" as not including "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." *Id.* § 202.2(c)(2)(ii). Thus, to the extent the statute was ambiguous about whether a notification is required where the applicant is already in default, the implementing regulations state clearly that no notice is required in that circumstance. Because Coury requested that Caliber modify his loan in response to his default, ECOA's notice requirements did not apply. Other courts in this district have reached similar conclusions when applying ECOA to applications for loan modification. *See*, *e.g.*, *Smith v. Wells Fargo Bank, N.A.*, No. 15-CV-01779-YGR, 2016 WL 283521, at *7 (N.D. Cal. Jan. 25, 2016) (holding that ECOA's notification requirements do not apply to existing accounts in default and listing other cases reconciling subsections (d)(1), (2), and (6)).

In addition, the regulations governing ECOA further clarify that "[a] creditor's failure to

comply with [the notification provisions of ECOA] is not a violation if it results from an inadvertent error." 12 C.F.R. § 202.16(c). Coury does not allege that Caliber's error was not inadvertent. Because Coury's complaint fails to state a claim under ECOA, Caliber's motion to dismiss Coury's seventh claim is granted with leave to amend.

### D. Negligence

Finally, Coury alleges that Caliber was negligent in handling his loan modification. He claims that Caliber, by virtue of its interest in his mortgage, owed him a legal duty to use reasonable care in handling the mortgage. In response, Caliber contends that loan servicers, like financial institutions, owe no duty to borrowers and thus cannot be negligent. In an unpublished opinion, the Ninth Circuit has ruled that, under California law, lenders do not owe borrowers a duty of care to process a borrower's loan modification application within a particular time frame. *See Anderson v. Deutsche Bank Nat. Trust Co. Americas*, 649 F. App'x 550 (9th Cir. 2016) (applying California's negligence law to similar facts). Courts in this district have reached similar conclusions. *See, e.g.*, *Ivey v. JP Morgan Chase Bank, N.A.*, No. 16-CV-00610-HSG, 2016 WL 4502587, at *5 (N.D. Cal. Aug. 29, 2016).

In *Anderson*, the Ninth Circuit explained that the factors set out in *Biakanja v. Irving,* 49 Cal.2d 647 (1958), govern whether a lender owes a borrower a duty of care. 649 F. App'x at 550. These include "the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Biakanja*, 49 Cal. 2d at 650. While harm to borrowers is a foreseeable result of delays in the processing of loan modification applications, the Ninth Circuit reasoned, the harm is "neither certain nor primarily attributable to the lender's delay in the processing." *Anderson*, 649 F. App'x at 552. Instead, it is borrower's default that necessitates the modification. Thus, the resulting harm is "not...closely connected to the lender's conduct," and the lender's conduct is not blameworthy. *Id*. (quoting *Lueras v. BAC Home Loans Servicing*, *LP*, 221 Cal.App.4th 49, 67 (2013)).

Here, as in *Anderson*, the negligence factors do not suggest that Caliber owed Coury a duty

of care.  Coury does not allege any facts to suggest why he defaulted on his mortgage.  Caliber only began servicing his loan more than three months after the Notice of Default was filed. Caliber did not cause Coury to need a loan modification, and the harm that Coury experienced is primarily attributable to his default, not Caliber's actions.  Coury's eighth claim is dismissed with leave to amend.

## V. CONCLUSION

For the foregoing reasons, Caliber's motion to dismiss is granted.  Claims 1-5 are moot and dismissed without leave to amend.  Claims 6-8 fail to state a claim and are dismissed with leave to amend.

**IT IS SO ORDERED**.

Dated: November 29, 2016

_____
RICHARD SEEBORG
United States District Judge